# UNITED STATES DISTRICT COURT

## for the

## Middle District of North Carolina

### Supplemental Report to the Petition for Warrant or Summons for Offender Under Supervision

*(Not for Public Disclosure)*

Name of Offender:   EDWARD DONTE EBO              Case Number:   1:06CR7-1

**This Supplemental Report provides relevant information related to the 12C Petition filed the same date as this report. This report contains personal information regarding the defendant and therefore should remain under seal. The Clerk shall provide a copy of this Supplemental Report to the U.S. Probation Office, the U.S. Attorney's Office, and the United States Marshal Office. Once the Warrant or Summons has been executed, the Supplemental Report may be provided to the defendant and defense attorney.**

### SUPERVISION FOCUS AND RESPONSE TO SUPERVISION:

Mr. Ebo began his term of supervised release on May 22, 2016. During his term of supervision, Mr. Ebo lived with his wife and children at 503 Fontaine Street, Reidsville, NC, 27320. Mr. Ebo has been employed with Ameristaff since September of 2016, and intermittently worked as a brick mason during his supervision. Despite his strong employment history, Mr. Ebo struggled with substance abuse, association with anti-social peers, and decision-making throughout his term of supervision.

In regards to substance abuse, Mr. Ebo tested positive for marijuana, cocaine, and the combination of both on seven occasions. It is noted that Mr. Ebo admitted to drug use on each occasion. To his credit, Mr. Ebo tested negative on seven occasions throughout his supervision and had several periods of sobriety. Mr. Ebo's issues with substance abuse started early in his supervision. Mr. Ebo tested positive on four occasions from June of 2016 to November of 2016. In December of 2016, Mr. Ebo enrolled into classes at Project Re-entry in Reidsville, NC. While enrolled in Project Re-entry, Mr. Ebo participated in classes on the topics of anger management, relapse prevention, and cognitive behavior. With the help of skills learned in these classes Mr. Ebo enjoyed nearly four months of sobriety before relapsing again in March of 2017.

Mr. Ebo attributed his relapse to poor coping skills and association with anti-social peers. The probation officer worked with Mr. Ebo to identify the negative peers in his life and focused discussions on ways that Mr. Ebo could limit his involvement with them. At this time, Mr. Ebo was referred to outpatient substance abuse treatment at Alcohol and Drug Services (ADS) in hopes that Mr. Ebo would work towards a relapse prevention plan. Mr. Ebo participated in individual treatment while at ADS. In November of 2017, Mr. Ebo was successfully discharged from treatment at ADS based on the recommendation of his treatment provider and the fact that Mr. Ebo had been clean for several months. Unfortunately, Mr. Ebo relapsed again in January of 2018 testing positive for marijuana.

During personal contacts with Mr. Ebo, the probation officer placed an emphasis on working with him on his decision-making and problem solving skills. The emphasis of the discussions focused on helping him learn to think before he acts. The probation officer further addressed Mr. Ebo's drug use and decision making by teaching and discussing the cognitive model, which if applied, Mr. Ebo could identify benefits and/ or consequences before making his decisions. Mr. Ebo appeared to have a good understanding of the model and agreed to use it during future high-risk situations. Additionally, the probation officer assigned homework to assist Mr. Ebo with applying these skills to his daily life. To his credit, Mr. Ebo completed the assigned homework on most occasions. However, Mr. Ebo failed to utilize the skills long-term; which was evident by his continued use of illegal substances and the fact that he was found in possession of large quantities of both marijuana and cocaine on February 15, 2018.

## **RANGE OF IMPRISONMENT APPLICABLE UPON REVOCATION:**

### **Statutory Provisions:**

Mr. Ebo's original conviction was a Class B Felony. Therefore, if supervised release is revoked, he may not be required to serve more than 3 years in prison. 18 U.S.C. § 3583(e)(3).

If Mr. Ebo is found by the Court to be in possession of a controlled substance, possession of a firearm, refusing to comply with drug testing imposed as a condition of supervised release, or as part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year, the Court shall revoke the term of supervised release and require him to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). 18 U.S.C. §3583(g).

Pursuant to the provisions of 18 U.S.C. §§ 3563(e) and 3583(d), the Court can consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs warrants an exception in accordance with the United States Sentencing Commission guidelines from the rule of Section 3565(b) and 3583(g) when considering any action against a defendant who fails a drug test.

### **Policy Statements:**

The probation officer believes Mr. Ebo's most serious violation is a Grade A in that his new criminal conduct, Felony Trafficking in Cocaine, is conduct constituting a federal, state, or local offense punishable by a term of imprisonment exceeding one year and is a controlled substance offense. Mr. Ebo's original criminal history category was Category IV. Pursuant to USSG §7B1.4(a), the range of imprisonment applicable upon revocation is 24 to 30 months.

The Chapter 7 policy statements regarding the range of imprisonment applicable upon revocation are not binding on the Court. The Court must consider the policy statements, but may deviate from them for good reason articulated on the record.

**Reimposition of Supervised Release:**

The maximum term of supervised release that can be reimposed following revocation is the term of supervised release authorized by statute minus the imprisonment imposed upon revocation.

Except as otherwise provided, the authorized terms of supervised release are identified in 18 U.S.C. § 3583(b). At the time of the original offense, the authorized term of supervised release allowable was life pursuant to 21 U.S.C. §§ 841 and 846. The defendant was convicted of a drug offense without a maximum term of supervised release and is therefore considered an exception to 18 U.S.C § 3583(b). Accordingly, the statutorily authorized term of supervised release is life.

**FACTORS THAT MAY WARRANT DEPARTURE:**

No departure issues identified.

**SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM:**

None

**UNSATISFIED CONDITIONS OF ORIGINAL SENTENCE:**

None

**ADJUSTMENT FOR OFFICIAL DETENTION:**

None

**RECOMMENDATION:**

As the original offense occurred on or after April 30, 2003, he is subject to the provisions of the PROTECT Act (18 U.S.C. § 3583) which provide the Court with authority to impose the statutory maximum as to each separate violation hearing. It is recommended that Mr. Ebo's supervised release be revoked and that he be sentenced to 24 months imprisonment. Under the provisions of the PROTECT Act, it is recommended that the Court reimpose a 5 year term of supervised release, less any term or imprisonment imposed as a result of this revocation.

Mr. Ebo has been given ample opportunities during his term of supervision to make the needed changes in his lifestyle that would allow him to make the right decisions, avoid negative peer influences, maintain sobriety and put a stop to any further criminal conduct. However, Mr. Ebo continues to use illegal substances and engage in new criminal behavior. Additionally, Mr. Ebo has been afforded the opportunity to engage in treatment services on several occasions in which he has not applied the skills learned during treatment, as evident by his continued drug use. It is further noted that Mr. Ebo's violations mirror the conduct of the instant offense as well as the conduct from his previous revocation.

Any term of imprisonment imposed upon the revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release. USSG § 7B1.3(f)

**Detention/Voluntary Surrender:**

It is recommended that Mr. Ebo be detained until his final revocation hearing due to our belief that he has become a safety risk to himself and the community based on his continued drug use and new criminal behavior. There are no additional conditions, nor third party custodians known to the probation officer, which would guarantee Mr. Ebo's appearance before the court or the safety of the community. For the same reason, he is not considered a good candidate for voluntary surrender.

Respectfully submitted,

John D. Campbell
U.S. Probation Officer

Approved by:

Christopher M. Bersch
Supervisory U.S. Probation Officer

March 29, 2018

Date